# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56109-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| KEVIN I. MANN, | |
| Appellant. | |

WORSWICK, J. — Kevin Mann appeals his conviction for malicious mischief in the third degree, arguing that the prosecutor committed misconduct by misstating the law, thus depriving him of a fair trial. We hold that Mann waived his prosecutorial misconduct argument because although the prosecutor's comments were improper, they were not so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice. Thus, we affirm Mann's conviction.

## FACTS

Mann's wife told him that their neighbor had assaulted her. Around 2:00 a.m. that day, Mann drove to the neighbor's house, located past a gate and on top of a steep hill, at a high rate of speed to confront him about the assault. Mann was driving fast and due to the rainy weather, his car slid several times in the mud. As Mann approached the gate, he continued to drive fast,

slid, and struck the gate. Mann continued driving past the gate and up the hill. As Mann approached the neighbor's residence, his car collided with the neighbor's parked car.

After the collision, Mann changed his mind about confronting the neighbor because he had seen firearms in the neighbor's trailer. Mann then turned around, went home, and called the police. The police determined that the assault allegations were likely false.

The State charged Mann with malicious mischief in the first degree for the damage to the neighbor's car and gate. The case proceeded to trial. Before jury selection, the trial judge explained: "the lawyers' statements are not evidence or the law. The evidence is the testimony and the exhibits. The law is contained in my instructions to you. You must disregard anything the lawyers say that is at odds with the evidence or the law in my instructions." Report of Proceedings (RP) at 21-22.

After both parties presented evidence, the trial court again instructed the jury that the law is contained in the jury instructions and reminded them to "disregard any remark, statement or argument that is not supported by the evidence or the law in [the] instructions." RP at 124. The instructions included instruction 10, which defined the knowledge element required to prove malicious intent.[1]

> A person knows or acts knowingly or with knowledge with respect to a fact, circumstance, or result when he or she is aware of that fact, circumstance or result. It is not necessary that the person know that the fact, circumstance, or result is defined by law as being unlawful or an element of a crime.
>
> If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted but not required to find that he or she acted with knowledge of that fact.

---

[1] A person is guilty of malicious mischief when he knowingly and maliciously causes damage to another's property. RCW 9A.48.090(1)(a).

No. 561093-II

When acting knowingly as to a particular fact is required to establish an element of a crime, the element is also established if a person acts intentionally as to that fact.

Clerk's Papers (CP) at 38.

At trial, Mann did not dispute that he had damaged the neighbor's vehicle but argued that the damage was unintentional. The State introduced evidence rebutting Mann's claim and showing that Mann had driven past the gate and onto a grassy road directly heading towards the neighbor's vehicle. During closing argument, the prosecutor argued that Mann acted knowingly, referred the jury to instruction 10, and stated

How do you all know that the defendant acted knowingly on that date in question? You know he acted knowingly is because he drove over to that residence of [the neighbor] in a rage. He was upset. He was angry. He was mad. In his mind he had what he believed to be an allegations of a sexual assault, and he went, as the officer stated he told him on the night in question, to go over there to confront [the neighbor].

The defendant took the stand and stated he just wanted to go talk to him. I submit to you the defendant's statement today is completely unreasonable in light of the evidence that had previously been presented. It's also unreasonable when you understand the fact the defendant admitted he was driving at a high rate of speed. It's unreasonable when the defendant admitted that he had previously crashed into that ditch leading into that driveway.

It's also unreasonable for an individual to crash into a gate and then to proceed up a driveway, up a hill in the middle of night, approximately three hundred yards, head-on tire tracks into another vehicle. So, how do you know the defendant acted knowingly? We can look at an instruction. It's Instruction No. 10 . . . The defendant knew that there was danger going into that driveway if he drives at a high rate of speed. He had crashed previously. He knew that if he took that act there's a possibility of him to crash again, to cause damage to property, and he, in fact, did do that.

The defendant also knows that if you drive a car at a high rate of speedy [sic] recklessly, there's the high likelihood in bad weather, bad traction, that there's a high likelihood you're going to crash into another vehicle, another piece of property, a person. He knew what he was doing when he got behind the wheel. . . .

3

The defendant doesn't get to claim, I drove into that [gate] . . . but I didn't intend to crash into that [gate]. No, but you intended to drive at a high rate of speed. You intended to take that corner at extreme speed in the middle of the night and you intended to get over there in a hurry. You knew that there was the possibility that you were going to crash, and he in fact did.

Additionally, it says if a person has - the second paragraph of knowingly: If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted, but not required to find that he or she acted with knowledge of the fact. I submit to you that any reasonable person knows that you don't drive a vehicle recklessly. You don't drive a vehicle into a residence at a high rate of speed in the middle of the night and get to claim ignorance of the law. I didn't mean to hit him. I didn't intend to hit that car. I didn't intend to hit that gate. No, that's not what this is about.

What this case is about is that the defendant knowingly drove his vehicle there. Also, the third paragraph: When acting knowingly as to a particular fact is required to establish an element of the crime, that element is also established if the person acts intentionally as to that fact. I'm going to submit to you, ladies and gentlemen, that not only did the defendant knowingly drive his vehicle into that gate and into that vehicle, he intentionally did that.

And why do I submit that to you? It is because you see, he went straight into that gate and he continued straight out of that gate. And then he didn't take that driveway up that residence to park and, as he stated, talk to the individual. No, he took a straight line, a straight, direct route to the parked vehicle.

RP at 135-38.

The jury found Mann guilty of malicious mischief in the third degree. Mann appeals.

ANALYSIS

Mann argues that the prosecutor committed misconduct by misstating the law. We hold that although the comment was improper, Mann waived his prosecutorial misconduct argument because the comment was not so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice.

To prevail on a prosecutorial misconduct claim, a defendant must show that in the context of the record and all of the circumstances of the trial, the prosecutor's conduct was both

4

No. 561093-II

(1) improper and (2) prejudicial. *In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 704, 286 P.3d 673 (2012). When reviewing a claim for prosecutorial misconduct, we review a prosecutor's comments during closing argument in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the jury instructions. *State v. Walker*, 164 Wn. App. 724, 730, 265 P.3d 191 (2011). If a defendant meets his burden of showing prosecutorial misconduct, his conviction requires reversal. *State v. Monday*, 171 Wn.2d 667, 675, 257 P.3d 551 (2011).

I.       IMPROPER COMMENT

Mann argues that the prosecutor's comments during closing argument were improper because the comments misstated the law. We agree.

A prosecutor commits misconduct by misstating the law to the jury. *State v. Jones*, 13 Wn. App. 2d 386, 403, 463 P.3d 738 (2020). The prosecutor's improper comments should be reviewed in the "'context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given.'" *State v. Thierry*, 190 Wn. App. 680, 689, 360 P.3d 940 (2015) (quoting *State v. Russell*, 125 Wn.2d 24, 85-86, 882 P.2d 747 (1994)).

A person is guilty of malicious mischief when he knowingly and maliciously causes damage to another's property. RCW 9A.48.090(1)(a). A person acts knowingly when:

> (i) He or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or
>
> (ii) He or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense.

RCW 9A.08.010(1)(b).

5

Mann argues that it was improper for the prosecutor to argue that proof of the possibility of a crash or proof of driving recklessly sufficiently proved that Mann knowingly damaged property. The prosecutor argued:

> The defendant doesn't get to claim, I drove into that [gate] . . . but I didn't intend to crash into that [gate]. No, but you intended to drive at a high rate of speed. You intended to take that corner at extreme speed in the middle of the night and you intended to get over there in a hurry. You knew that there was the possibility that you were going to crash, and he in fact did.
>
> . . . I submit to you that any reasonable person knows that you don't drive a vehicle recklessly. You don't drive a vehicle into a residence at a high rate of speed in the middle of the night and get to claim ignorance of the law. I didn't mean to hit him. I didn't intend to hit that car. I didn't intend to hit that gate. No, that's not what this is about.

RP at 137.

Here, the prosecutor's statements misstated the law. The statements implied that because the defendant intended to drive at a high rate of speed in the middle of the night, and because he knew that he was likely to crash, then he acted knowingly. He also stated that "any reasonable person knows that you don't drive a vehicle recklessly," and therefore, Mann's reckless driving meant that he acted knowingly. RP at 137. These are incorrect statements of the law. The prosecutor had the burden to prove that Mann knowingly damaged property, not that he recklessly drove his vehicle. Because the prosecutor misstated the law, his comments were improper.

## II.    PREJUDICE AND WAIVER

Mann summarily argues that "[t]he misconduct went to the heart of the case," and thus a curative instruction would not have been sufficient. Reply Br. of Appellant at 4. We hold that

6

Mann waived his prosecutorial misconduct argument because the prosecutor's statements were not so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice.

If the defendant does not object to a prosecutor's improper comment at trial, the defendant is deemed to have waived any error, unless the prosecutor's misconduct was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice. *State v. Crossguns*, 199 Wn.2d 282, 297, 505 P.3d 529 (2022). Mann did not object to the improper remarks.

Here, the jury was instructed to follow the law from the instructions and that the attorneys' statements are not evidence. The jury was given the definition of "knowingly." CP at 38. Viewing the entirety of the prosecutor's closing argument, it is clear the prosecutor was tying the objective evidence—the vehicle's speed, the vehicle's path of travel, and Mann's anger—to Mann's subjective intent to cause the property damage and his knowledge of the same. Based on that, the prosecutor argued that Mann must have intended to cause the damage or otherwise acted with knowledge that the damage would occur. Thus, the statements, viewed in context of the entire argument, evidence, and instructions, were not so flagrant and ill intentioned that a curative instruction could not have cured the resulting prejudice. A curative instruction could have reminded the jury of the definition of knowledge and that the jury was to disregard anything the lawyers say that is at odds with the instructions. Thus, an instruction could have cured any resulting prejudice.

Mann cites to *Jones* to show that a misstatement of the law requires reversal. Jones was charged with possession of a stolen vehicle, which required the State to prove that Jones acted knowingly. *Jones*, 13 Wn. App. 2d at 403-04. During closing argument, the prosecutor urged

7

the jury to convict Jones based on what Jones "should have known." *Jones*, 13 Wn. App. 2d at 403. Based on the prosecutor's comment, the court held that the prosecutor committed misconduct by misstating the law and reversed Jones's conviction. *Jones*, 13 Wn. App. 2d at 407-08.

This case is distinguishable. In *Jones*, the prosecutor argued that the knowledge element was met because Jones "should have known." *Jones*, 13 Wn. App. 2d at 395-96. However, the prosecutor in this case never argued that Mann should have known. Instead, he attempted to debunk Mann's theory by presenting evidence and pointing to a reasonable inference that Mann had subjective intent to damage property.

We hold that Mann waived his prosecutorial misconduct argument because the prosecutor's comments were not so flagrant and ill intentioned that they could not have been cured by an instruction. We affirm Mann's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, J.

Cruser, A.C.J.

8